## LEANDER LOVELL *vs.* WILLIAM H. NELSON.

A survivor of two joint debtors, who pays a joint debt after the expiration of the time when the creditor could have enforced it against the administrator of the estate of the deceased, does not thereby entitle himself to maintain a claim for contribution from such administrator, or to avail himself thereof in set-off, in an action brought against him by such administrator.

If a defendant pleads in set-off, the burden of proof is upon him to show that his claim filed in set-off is due from the plaintiff in the same right with the cause of action declared on in the writ; and if the plaintiff describes himself in the writ as administrator of the estate of a deceased person, and declares upon a promissory note signed by only one person, and running to him as administrator of that estate, this will not be sufficient to afford a presumption that his claim is in his representative capacity.

CONTRACT brought by the administrator of the estate of Alonzo Scudder against the administrator of the estate of Richard W. Holmes, upon a promissory note signed by said Holmes, dated October 3d 1861, for $709.26, payable on demand with interest, to " Leander Lovell, administrator on the estate of Alonzo Scudder." The writ was dated January 23d 1864. The defendant filed a declaration in set-off, claiming to be allowed for a balance found due from Scudder upon his books, at his death, to Holmes, for one half of certain sums paid by him within one year past on account of debts for which Scudder & Holmes were jointly liable; and for one half of the amount paid by him in December 1863 upon a bond to the Old Colony Insurance Company, dated in July 1845, and signed by Scudder & Holmes. The plaintiff replied, amongst other things, that these claims were barred by the statute of limitations.

The case was submitted, in the superior court, upon the report of an auditor, who found that Scudder died in April 1853, having before that time been in partnership with Holmes, and the plaintiff was appointed administrator of Scudder's estate on the 8th of August in that year; and that Holmes died in February 1862, and the defendant was duly appointed administrator of his estate. Certain other facts were found, which are sufficiently stated in the opinion.

Judgment was rendered in the superior court for the plaintiff, and the defendant appealed to this court.

*C. G. Davis,* for the defendant.

*E. Ames,* for the plaintiff.

BIGELOW, C. J.   It seems to us that there are two decisive answers to the defendant's claim in set-off.

The first is the statute of limitations.   Assuming that the note declared on can be properly deemed to belong to the estate of the plaintiff's intestate, and so to be due in the same right with the claims filed in set-off, nevertheless the latter are barred by the lapse of time.   The plaintiff was appointed administrator on the 8th day of August 1853, and filed his bond on that day. He also gave due notice of his appointment in compliance with the order of tﬂe probate court, according to the provisions of Rev. Sts. *c.* 66, § 1, which were then in force.   By section third of the same chapter it was provided that no administrator, after having given. notice of his appointment as required by law, should be held to answer to the suit of any creditor of the deceased, unless it was commenced within four years from the time when he gave bond as administrator.   By Gen. Sts. *c.* 97, § 5, this limitation is reduced to two years.   Two of the items of set-off are claims arising out of the partnership dealings and contracts which existed between the plaintiff's intestate and the defendant's intestate, being debts of the firm paid by the latter after the decease of the former.   These were clearly barred, and could not have been enforced by the original creditors of the firm as against the estate in the hands of the plaintiff as administrator at the time they were paid by the defendant.   The latter by such payment did not acquire any new cause of action against the plaintiff's estate to which the statute bar would not apply.   Any balance which might have been due to the defendant's intestate on a final settlement of the partnership concerns between him and the plaintiff's intestate was barred after the lapse of four years from the appointment of the latter as administrator, and could not be revived by a payment of a partnership debt by a surviving copartner.

The other item of set-off is a payment of money in satisfac‹ tion of a bond on which the plaintiff's intestate was liable jointly with the defendant's intestate.   It is true that the payment was

made after the death of the plaintiff's intestate, and within two years from the time when the plaintiff's action was commenced. But this does not create any new cause of action, or render the plaintiff as administrator liable after the expiration of the time limited for bringing actions against him. If no cause of action accrued on which the defendant could be held liable as administrator within four years after his appointment, he cannot afterwards be chargeable on a cause of action subsequently accruing against the estate of his intestate. The statute bar is absolute, except when new assets come to the possession of an administrator after the period of limitation has expired, and in cases in which the judge of probate has required him to retain assets to satisfy claims of creditors whose cause of action did not accrue within such period. *Holden* v. *Fletcher*, 6 Cush. 235.

It is suggested by the defendant's counsel that the statute of limitations in favor of executors and administrators is only applicable to actions brought by the creditors of deceased persons, and cannot be pleaded in answer to claims filed in set-off. But this suggestion is fully met by the provision in Gen. Sts. *c.* 130, § 18, which enacts that in cases of set-off, if any limitation of actions is alleged by way of defence to the defendant's demand, the limitation shall be applied in the same manner as it would have been to an action brought on the same demand if it had been commenced at the time when the plaintiff's action was commenced. The present suit was commenced long after all the claims filed in set-off against the estate of the plaintiff's intestate were barred by lapse of time.

Another and complete answer to the claims filed in set-off is, that none of them appear to be due in the same right with the note declared on. The burden of proof is on the defendant to show this. But the evidence fails to establish the fact. It is true that the note is made payable to the plaintiff as administrator, and he is so described in the writ. But this circumstance is by no means decisive. It may nevertheless be the property of the plaintiff in his own right, and the money may be due to him personally, and not in his representative capacity. To be liable to the defendant's set-off, the note in suit must be shown

to be a debt due to the estate of the plaintiff's intestate. An executor or administrator, in lending money belonging to the estate to an individual on his promissory note only, is not acting in the execution of his trust. Such a use of the trust funds in his hands, except under unusual and extraordinary circumstances, would be inconsistent with due and faithful administration, and he would be chargeable with the money so lent, whether it was repaid by the borrower or not. In making such a loan, therefore, the inference is that the debt is his own personal demand, and that a promise to him as executor or administrator is rather a *descriptio personæ* used to indicate the fund from which the money was taken and to which the promisee is indebted, than as evidence that the debt is due to him in his representative capacity. *Grew* v. *Burditt*, 9 Pick. 265, 271. But in the present case it appears affirmatively that the plaintiff, prior to the commencement of the present action, settled his first account of administration of the estate of his intestate, and fully accounted for the whole estate in his hands. In this state of the evidence, we are of opinion that it does not appear that the note declared on is due in the same right with the demands filed in set-off, and that the latter cannot be alleged by way of defence to the plaintiff's claim.                     *Judgment for the plaintiff.*